IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LUDGEREEN RENEE ELISEA                                           PLAINTIFF
*On behalf of*
L.G., A MINOR

vs.                                    Civil No. 6:15-cv-06118

CAROLYN W. COLVIN                                               DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Ludgereen Renee Elisea ("Plaintiff") brings this action on behalf of L.G., a minor, pursuant

to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking

judicial review of a final decision of the Commissioner of the Social Security Administration

("SSA") denying L.G.'s application for Supplemental Security Income ("SSI") under Title XVI of

the Act.  The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all

proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and

conducting all post-judgment proceedings.  ECF No. 7.[1]  Pursuant to this authority, the Court issues

this memorandum opinion and orders the entry of a final judgment in this matter.

1.      **Background:**

Plaintiff protectively filed a SSI application on behalf of L.G. on November 9, 2011.  (Tr.

12, 114-117).  With this application, Plaintiff alleges L.G. is disabled due to myasthenia gravis,

behavioral problems, and speech problems.  (Tr. 123).  Plaintiff alleges L.G.'s onset date was April

1, 2010.  (Tr. 12).  This application was denied initially and again upon reconsideration.  (Tr. 66-67).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages
for this case are referenced by the designation "Tr."

1

Thereafter, Plaintiff requested an administrative hearing on L.G.'s application, and this hearing request was granted. (Tr. 81-83, 33-65). An administrative hearing was held on May 7, 2013 in Hot Springs, Arkansas. (Tr. 33-65). Plaintiff was present and was represented by Shannon Muse Carroll at this hearing. *Id.* Plaintiff and L.G. testified at this hearing. *Id.*

On March 7, 2014, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI on behalf of L.G. (Tr. 9-28). In this decision, the ALJ found L.G. was a preschooler on the date the application was filed and was currently a school-age child. (Tr. 15, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since November 9, 2011, the application date. (Tr. 15, Finding 2). The ALJ determined L.G. had the following severe impairments: congenital myasthenia gravis; oppositional defiant disorder; and a history of speech issues. (Tr. 15, Finding 3). The ALJ also determined, however, that none of L.G.'s impairments met, medically equaled, or were functionally equivalent to the Listing of Impairments in Appendix 1, Subpart P, Regulations No. 4 ("Listings"). (Tr. 15, Finding 4).

In assessing whether L.G.'s impairments were functionally equivalent to the Listings, the ALJ assessed six domains of functioning. (Tr. 15-28, Finding 5). Specifically, the ALJ determined L.G. had the following limitations in the six domains of functioning: (1) less than marked limitation in acquiring and using information; (2) no limitation in attending and completing tasks; (3) less than marked limitation in interacting and relating with others; (4) less than marked limitation in moving about and manipulating objects; (5) less than marked limitation in his ability to care for himself; and (6) a marked limitation in health and physical well-being. *Id.* Based upon these findings, the ALJ determined L.G. had not been under a disability, as defined by the Act, at any time from the date Plaintiff's application was filed through the date of the ALJ's decision or through March 7, 2014. (Tr. 28, Finding 6).

Thereafter, on March 12, 2014, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 7). On October 7, 2015, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On November 16, 2015, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on November 17, 2015. ECF No. 7. Both Parties have filed appeal briefs. ECF Nos. 13-14. This case is now ready for decision.

2.     **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

In this case, Plaintiff is seeking disability benefits on behalf of a minor child. On August 22, 1996, Congress enacted the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Public Law No. 104-193, 110 Stat. 2105 (1996) (codified at 42 U.S.C. § 1382c(a)(3)(C)), which provided a more stringent standard for determining eligibility for Title XVI childhood disability benefits than the old law and prior regulations required. *See Rucker v. Apfel*, 141 F.3d

3

1256, 1259 (8th Cir. 1998); 142 Cong. Rec. H8913; H.R. Conf. Rep. No. 725, 104th Cong. 2d Sess. 328 (1996), reprinted in 1996 U.S. Code, Cong. and Ad. News 2649, 2716; Federal Register, Vol. 62, No. 28, p. 6409.

Among other things, the new law amended Section 1614(a)(3) of the Act, 42 U.S.C. § 1382c(a)(3), and changed the statutory definition of disability for individuals under age eighteen (18) under the SSI program. Under the new standard, a child is entitled to disability benefits only if he or she has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. *See* Pub. L. No. 104-193 § 211(a)(4)(c); 20 C.F.R. § 416.906. The new standard applies to all applicants who filed claims on or after August 22, 1996, or whose claims had not been finally adjudicated by August 22, 1996. Since Plaintiff filed her application in 2011, the new law applies.

Under the new law, the ALJ's disability determination is based upon a three-step analysis. *See* 20 C.F.R. § 416.924.  First, the ALJ must determine whether the minor child has engaged in substantial gainful activity.  If not, the ALJ will proceed to the second step where the ALJ must consider whether the child has a severe impairment.  If a severe impairment is found, the ALJ will proceed to the third step.  At this step, the ALJ, must consider whether the impairment meets, or is medically or functionally equivalent, to a disability listing in the Listing of Impairments ("Listings"), *See* 20 C.F.R. pt. 404, subpt. P, app. 1.  A minor child may be disabled if his or her impairment is functionally equivalent to a disability listing, even if the minor child's impairment does not meet the standard requirements for a disability listing.  *See* 20 C.F.R. § 416.924(d)(1).

A single method is provided for evaluating whether an impairment is "functionally equivalent" to a disability listing, based upon six domains of functioning.  The six domains are the

4

following: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for himself or herself, and (6) health and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1). If the minor child claiming benefits has "marked" limitations in two of these domains or an "extreme" limitation in one of these domains, then the child's impairment is functionally equivalent to a disability listing. *See id.* § 416.926a(a); *Moore ex rel. Moore v. Barnhart,* 413 F.3d 718, 721 (8th Cir. 2005).

A "marked" limitation is a limitation that is "more than moderate" and "less than extreme." *See id.* § 416.926a(e); *Lehnartz v. Barnhart,* No. 04-3818, 2005 WL 1767944, at *3 (8th Cir. July 27, 2005) (unpublished). A marked limitation is one that seriously interferes with a child's ability to independently initiate, sustain, or complete activities. *See* 20 C.F.R. § 416.926a(e)*.* An "extreme" limitation is more than "marked" and exists when a child's impairment(s) interferes very seriously with his or her ability to independently initiate, sustain or complete activities. *See id.* "Extreme" limitation is the rating the Commissioner gives to the most serious limitations. *See id.*

**3.   Discussion:**

In her appeal brief, Plaintiff raises one argument for reversal: the ALJ erred in finding L.G. did not have two or more marked limitations or one or more extreme limitations in the six domains of functioning. ECF No. 13 at 1-19. Specifically, Plaintiff claims L.G. has a *marked* limitation in interacting and relating with others, moving about and manipulating objects, and caring for himself. *Id.* Further, Plaintiff claims L.G. has a *extreme* limitation in health and physical well-being. *Id.* Defendant has responded to Plaintiff's arguments and claims there is no basis for reversal in this case. ECF No. 14. The Court has reviewed both of Plaintiff's argument and will address each issue she has raised.

In his opinion, the ALJ found L.G. had a *less than marked* limitation in interacting and

5

relating with others, moving about and manipulating objects, and caring for himself.  (Tr. 23-27).

Furthermore, the ALJ found L.G. had *only a marked* limitation in health and physical well-being.

The Court will consider each of these domains separately.

### A.    Interacting and Relating with Others

As for interacting and relating with others, the ALJ found Plaintiff did not present sufficient

evidence to demonstrate L.G. suffered from a marked impairment in this domain:

> During the application process, the claimant's mother completed a Function Report
> –Child 3 to 6th Birthday in November 2011.  She indicated that she was not sure
> whether the claimant's impairments affected his behavior with other people.
> Specifically, she stated that he enjoyed being around children his age, was
> affectionate with his parents, and played games.  However, he did not show affection
> around other children, did not share toys or take turns (Ex. 3E).
>
> In January 2012, the claimant's preschool teacher completed a Teacher
> Questionnaire.  The teacher indicated that there were no observed problems in this
> domain and the claimant appeared to function age-appropriately.   The teacher
> indicated that it had not been necessary to implement any behavior modification
> strategies with the claimant (Ex. 6F).
>
> According to an Intake Assessment at Rivendell Behavioral Health Services from
> October 2011 indicated that the claimant formed friends easily, maintained
> friendships, attended social functions and was supportive of friends.  A strength note
> was his caring/concern for others (Ex. 4F).  During a well-child check-up in May
> 2011 and in June 2012, there were no concerns related to his ability to play with
> friends (Ex. 3F, 14F).  A speech language assessment in May 2011 found that the
> claimant was eligible for direct therapy services; however, a speech language
> assessment in February 2012 found that the claimant exhibited age appropriate
> receptive and expressive language skills, as well as age appropriate articulation skills
> (Ex. 1F, 7F).  Based on the record as a whole, it appeared that the claimant had less
> than marked limitation in interacting and relating with others.

(Tr. 24).

In support of her claim that L.G. has a marked limitation in this domain, in her appeal brief,

Plaintiff referenced intake counseling records from October of 2011 (Tr. 248-258) and a psychiatric

evaluation from November of 2011 (Tr. 272).  Both of these records address (at the intake level)

L.G.'s behavioral status prior to treatment.  In his opinion, the ALJ considered these records but also

6

looked beyond those records and considered L.G.'s treatment records to assess his level of improvement.  Notably, the ALJ also considered L.G.'s records from 2012.  Based upon those records *as well as* L.G.'s intake records, the ALJ found L.G. had less than a marked limitation in this domain of functioning.  Based upon this review, the Court cannot find a basis for reversal on this issue.

### B.       Moving about and Manipulating Objects

As for moving about and manipulating objects, the ALJ found Plaintiff did not present sufficient evidence to demonstrate L.G. suffered from a marked impairment in this domain.  (Tr. 22-24).  Indeed, as the ALJ found, "[i]n January 2012, the claimant's preschool teacher completed a Teacher Questionnaire.  The teacher indicated that there were no observed problems in this domain and the claimant appeared to function age-appropriately (Ex. 6F)."  (Tr. 25).  The ALJ also noted Plaintiff stated in her function report that L.G. "could catch a large ball, ride a big wheel, wind up a toy, print some letters, copy his first name and use scissors fairly well; however, he got tried [tired] while performing these activities and would require extra help (Ex. 3E)."  *Id.*

In her appeal brief, Plaintiff argues L.G. has a marked limitation in this domain.  ECF No. 13 at 12-13.  In support of this claim, however, Plaintiff only references medical records demonstrating L.G. has "knee pain," an "unsteady gait," "droopy eyelids," and "leg cramps."  *Id.* None of these one-time records demonstrate these limitations necessarily cause L.G. to have a *marked* limitation in moving about and manipulating objects.  Indeed, as noted by the ALJ, this domain measures how well L.G. is able "to move his body from one place to another" and how well that L.G. "moves and manipulates objects."  (Tr. 24).  Further, a marked limitation is one that seriously interferes with a child's ability to independently initiate, sustain, or complete activities. *See* 20 C.F.R. § 416.926a(e)*.  Based upon these standards and the limited medical records Plaintiff

7

references in her appeal brief, the Court finds Plaintiff has not demonstrated L.G. has a marked limitation in this domain of functioning, and the Court finds no basis for reversal on this issue.

### C.     Caring for Himself

As for caring for himself, the ALJ found Plaintiff did not present sufficient evidence to demonstrate L.G. suffered from a marked impairment in this domain. (Tr. 26-27). As the ALJ noted, Plaintiff herself stated that at four years old, L.G. was able to "control his bowel and bladder, eat using a fork and spoon, dress himself, brush his teeth and sometimes put his toys away." *Id.*

In support of her claim that L.G. has a marked limitation in this domain, Plaintiff references one medical record from when L.G. was four years old which stated L.G. had problems with his twin brother: "Problem concerning behavior of child –twin brother competitive with pt and acts out with pt." Clearly, this one-time record does not demonstrate L.G. has a "marked" limitation in this domain of caring for himself. Accordingly, the Court cannot find a basis for reversal on this issue.

### D.     Health and Physical Well-Being

In the domain of health and physical well-being, the ALJ found L.G. had a marked limitation in this domain. (Tr. 28). Plaintiff argues L.G. had an extreme limitation in this domain. ECF No. 13 at 13-18. Plaintiff argues that because L.G. has an extreme limitation in this domain of functioning, he should be found to be disabled. *Id.* As noted above, to qualify as "extreme," L.G.'s limitation must interfere "very seriously with his or her ability to independently initiate, sustain or complete activities." *See* 20 C.F.R. § 416.926a(e)*.*

Under the present facts, and as noted by the ALJ, although L.G. does suffer from "pain and fatigue issues related to his myasthenia gravis," L.G. is still able to attend school in a regular classroom. (Tr. 28). The ALJ noted there was "nothing in the record that indicated the claimant [L.G.] was falling behind in school." *Id.* The ALJ also found "that the claimant's overall academic

ability has not been markedly or extremely compromised as a result of his medically determinable severe impairments related to congenital myasthenia gravis, oppositional defiant disorder and a history of speech issues." *Id.*

In her briefing, Plaintiff references L.G.'s treatment records demonstrating he suffers from a number of medical impairments, including myasthenia gravis and pain associated with that impairment. ECF No. 13 at 13-17. Plaintiff argues L.G.'s immune system "is weakened by reason of his congenital myasthenia gravis," has "abnormal vision and hearing," and "suffers with hot and cold intolerance." *Id.* However, even assuming these impairments as severe as Plaintiff claims, she still has not demonstrated they cause L.G. to have an "extreme" limitation in this domain of functioning. Accordingly, the Court cannot find these records provide a basis for reversal on this issue.

### 4.  <u>Conclusion:</u>

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff on behalf of L.G., is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 4th day of January 2017.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE